**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

Your Affiant, Edward Johnson, a Special Agent (SA) with the Drug Enforcement Administration (DEA), duly sworn, does state the following:

1. Affiant is currently employed as a SA with the DEA assigned to the Toledo Resident Office (TRO) and has been so since May 2023. Prior to my employment with the DEA, I was employed as a Police Officer by the city of Livonia, Michigan, for approximately ten years. During my ten years as a Police Officer, I spent eight years working on a Narcotics Enforcement Team. I have completed a 17-week DEA Basic Agent Training course in Quantico, Virginia. As part of the BAT course, I have received training in narcotic investigations, narcotic interdiction, identification of narcotics, search and seizure issues, preparing search warrants, surveillance, techniques, preparation and execution of narcotic search warrants, debriefing of defendants, witnesses, and cooperating sources. I am also a graduate of the 17-week basic Oakland Police Academy. I attended the University of Michigan-Dearborn and graduated with a bachelor's degree of Science in Criminal Justice.

2. I have been involved in numerous narcotics-related arrests, have executed search warrants, seized narcotics or dangerous drugs. I have supervised the activities of numerous informants and cooperating witnesses who have provided information and assistance resulting in drug buys, searches, and arrests. I have also received training in the identification of narcotics, search and seizure issues, and preparing search warrants. I have had experience in surveillance techniques, investigating narcotic and criminal cases, including the preparation and execution of narcotic and other criminal case search warrants and debriefing of defendants, witnesses, cooperating sources and other persons who have personal knowledge of narcotics and criminal violations.

3. I make this affidavit in support of a criminal complaint against Michael WILLIAMS (WILLIAMS). The facts in this affidavit come from my personal observations, training, experience, and information obtained from other law enforcement agents.

4. Because this affidavit is being submitted for the limited purpose of supporting a criminal complaint, I have not included every fact known concerning this investigation. I have set forth only those facts I believe necessary to establish probable cause that WILLIAMS has committed a violation of 18 U.S.C. § 924(c)(1)(A) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime; and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) – Possession with Intent to Distribute a Controlled Substance.

5. Your Affiant received information that WILLIAMS was involved in the distribution of methamphetamine pills in the Toledo, Ohio area. After a brief investigation, your Affiant applied for and this Court authorized a federal search warrant for WILLIAMS' residence located on Linden Lane in Toledo, Ohio.

6. On November 16, 2026, members of DEA TRO and the Toledo Police Department (TPD) executed a search warrant at the Linden Lane residence. Upon entering the residence, WILLIAMS was observed walking out of the lone master bedroom of the apartment and appeared as if he had just woken up. No other occupants were located inside the residence. A search of the residence resulted in the seizure of approximately 1,717.7 grams of suspected methamphetamine pills, a portion of which was field tested and produced a positive result for the presence of methamphetamine. All of the suspected methamphetamine pills were located inside a duffle bag in the master bedroom. A firearm, specifically a Mini Draco 7.62 x 39 bearing serial number ROA-21PF-9625, with a loaded magazine was located behind the master bed frame and was within three feet of the duffle bag where the suspected methamphetamine pills were located.

7. WILLIAMS was transported to the TRO where he was interviewed by investigators. After being advised of his Miranda Rights, WILLIAMS admitted that the suspected methamphetamine pills inside of the bedroom were his and stated that he had been selling methamphetamine for approximately two years. WILLIAMS further admitted that he possessed the firearm seized for approximately one to one and a half months and claimed that he was holding on to it for a friend who

owed him money. WILLIAMS stated he had given this friend money a couple months prior and the friend never paid him back so he was keeping the gun until the friend paid him.

8. A review of WILLIAMS' criminal history includes, but is not limited to the following:

- 2002 – Receiving Stolen Property [F4]
- 2004 – Obstructing Official Business [M2]; Resisting Arrest [M2]
- 2006 – Disorderly Conduct [MM] amended from Drug Abuse [MM]
- 2011 – Disorderly Conduct [M4] reduced from Forgery [F5]
- 2014 – Illegal Use or Possession of Marijuana Drug Paraphernalia [M4]; Permitting Drug Abuse [M1] reduced from Drug Abuse [F4]
- 2018 – Trafficking in Heroin (2 counts) [F5]

9. Based on the information contained in this affidavit, I believe probable cause exists that on November 16, 2026, in the Northern District of Ohio, Western Division, MICHAEL WILLIAMS committed a violation of 18 U.S.C. § 924(c)(1)(A) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) – Possession with Intent to Distribute a Controlled Substance.

Respectfully submitted,

DEA SA Edward Johnson

Sworn to via telephone on this 17th day of November, 2026
after submission by reliable electronic means.
Fed.R.Crim.P. 4.1 and 41(d)(3).

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE